IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSEPH DEAN RADINA,

        Plaintiff

v.                                  CASE NO. _____

PLATINUM AUTO SALES L.L.C.,
**SERVE:**
Ekaterina Siverin – Registered Agent
Platinum Auto Sales L.L.C.
1049 George Washington Hwy. N.
Chesapeake, Virginia 23323

        Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

Plaintiff brings this action for damages to redress the violations of law that resulted in him purchasing a Honda Accord that was not worth what he paid for it. The car had problems immediately after purchase and when it was being inspected, Plaintiff's mechanic noticed the engine was improperly installed, and upon checking the engine's serial number discovered it was not the original factory installed engine, but was from a Acura TL which had more than 125,000 more miles on it than what was disclosed to the Plaintiff when he purchased the Accord. Defendant Platinum Auto Sales L.L.C. is the dealer which purchased the Accord, bought the

1

replacement Acura engine from a salvage yard, installed it in the Accord, concealed the engine replacement when selling the vehicle, and falsely represented its odometer reading as "actual" when it was sold to Auto Union LLC, which passed on that misrepresentation by falsely representing the odometer reading as actual when the Accord was sold to the Plaintiff.

This Complaint is filed and these proceedings are instituted under the Motor Vehicle Information and Costs Savings Act (the Odometer Act), 49 U.S.C. §32701, for both statutory and actual damages, reasonable attorney's fees, and costs because of Defendant's violations of this federal consumer protection statute, and because of the Defendant's violations of the Virginia Consumer Protection Act (VCPA), and its actual fraud.

## **PARTIES**

1. The Plaintiff is a citizen and natural person and a resident of Millersville, Pennsylvania.

2. Defendant Platinum Auto Sales L.L.C. (Platinum Auto) is a Virginia limited liability company doing business at 1049 George Washington Hwy. N., Chesapeake, Virginia.

## **JURISDICTION and VENUE**

3. This Court has jurisdiction over this action pursuant to 49 U.S.C. §32710(b) and 28 U.S.C. §1331, and 28 U.S.C. §1332 (a) due to the complete diversity of the parties with an amount in controversy exceeding $75.000.00; and supplemental jurisdiction of the state law claims regarding the same transaction and events under 28 U.S.C §1367(a).

4. Venue in this Court is proper pursuant to 28 U.S.C §1391 since Defendant has its place of business in Virginia Beach, Virginia, where the violations occurred.

## FACTS

*Platinum Auto purchases the Accord with 94,638 miles on it and replaces its engine with one from an Acura with 227,446 miles on it.*

5. On February 2, 2022, in Virginia Beach, Virginia, Platinum Auto purchased a 2009 Honda Accord, VIN: 1HGCS21899A008260 (the Accord) with 94,562 miles on it through America's Auto Auction from Priority Ford for $6,400.00 plus a $355 Buyer's fee. The unsigned auction receipt indicated the odometer reading of 94,562 is "exempt" since presumably Priority Ford believed there were no odometer disclosure requirements under the Odometer Act for a vehicle that old at that time.   **Exhibit 1.**

6. The Odometer Act requires the National Highway Traffic Safety Administration (NHTSA) to issue regulations specifying in more detail the Act's disclosure requirements, and NHTSA has enacted such regulations. 49 C.F.R pt. 580 Effective January 1, 2021, NHTSA narrowed the vehicle age exemption from the odometer disclosure requirements to apply only to transfers in which the vehicle being transferred is twenty years old or older.  *See* 84 Fed. Reg. 65,017 (Nov. 26, 2019) (amending 49 C.F.R. § 580.17(a)(3)).)   Previously, the Odometer Act's requirements did not apply to vehicles over ten years old.

7. It is believed the engine that came with the Accord needed replacement at the time of purchase or shortly thereafter since after purchasing the Accord, Platinum Auto replaced its engine with one from a 2010 Acura TL sedan, VIN: 19UUA8F57AA022669 with 227,466

3

miles on it that had been declared a total loss by the insurance Company, USAA, which sent to a salvage yard, Pick-n-Pull in Virginia Beach. In order to sell the Acura USAA filed a Virginia DMV Salvage Certificate Application showing the Acura's odometer reading as 227,466 miles. **Exhibit 2.**

8. After purchasing the Acura's engine from Pick-n-Pull for a little over $200, and having it installed into the Accord, on February 28, 2022 Platinum Auto wholesaled it to Auto Union, LLC (Auto Union) for $8,720.00. Despite knowing the engine in the Accord had been replaced with one from the Acura, Defendant concealed its replacing of the engine and provided Auto Union an Odometer Disclosure Statement certifying that the Accord's odometer reading of 94,638 to be its actual mileage to the best of its knowledge.   **Exhibit 3.**

9. To minimize the possibility of fraud, NHTSA requires that the actual mileage be disclosed even when a major part, such as an engine, has been replaced. *Ball v. U-J Chevrolet Co.*, 537 So. 2d 54 (Ala. Civ. App. 1988).  When a vehicle has been reconstructed from several parts, the odometer should be set to that of the major mechanical or structural part with the highest mileage, if that is known, or to the mileage on the chassis. Opinion Letter from John Womack, Assistant Chief Counsel, NHTSA to John Kelly, Office of Motor Vehicle Enforcement, Iowa Dep't of Transp. (Oct. 15, 1980)   *See also Currier v. Spencer*, 772 S.W.2d 309 (Ark. 1989).

10. After purchasing the Accord, Auto Union decided to sell the vehicle on its retail lot and marketed it as having 94,680 miles.

*Auto Union Sells the Vehicle to the Plaintiff and Misrepresents that the mileage on the Accord's Odometer Was Accurate*

11. On or about March 15, 2021 the Plaintiff began negotiations with a salesman for Auto Union for the purchase of the vehicle.

12. During the negotiations and signing of the purchase documents for the vehicle, Auto Union certified on its Reassignment of Title Form (DMV form VAD 20) that to the best of its knowledge the odometer reading of 94,680 was the actual mileage on the vehicle. **Exhibit 4.**

13. Plaintiff, in deciding to purchase the Accord, reasonably relied on the conduct, representations and silence of Platinum Auto and Auto Union as alleged. The conduct, representations, and silence of Platinum Auto was a proximate cause of his ultimate purchase of the Accord without knowledge that its engine had been replaced and that the actual mileage for the Accord's engine was over 132,000 more miles than represented to him.

14. In reliance on the warranties, representations, and promises of Auto Union and Platinum Auto, on March 15, 2021 the plaintiff purchased the vehicle from Auto Union for a price of Nine Thousand Four Hundred Twenty Dollars and Eighty cents ($9,420.80).

*Plaintiff Discovers the Vehicle's Engine Was Not Original and Had 132,786 more Miles on it than What was Represented by Defendant*

15. About a week after purchase, after getting the vehicle home to Pennsylvania to be inspected by his mechanic, the mechanic informed Plaintiff that upon inspection he noticed the improper installation of the engine and that it was not factory installed, which required various components to be repaired so the vehicle would work as best as possible, costing about $4,000.

Upon examining the engine's serial number and online search of that number he found that it previously belonged to a 2010 Acuta TL, with 227,466 miles on it.

16. The fact that the vehicle's engine had over 132,000 more miles on it than what was on the vehicle's odometer was known by Platinum Auto, or in the exercise of reasonable diligence should have been known prior to the selling of the vehicle but was never disclosed to Auto Union or the plaintiff prior to his purchase of the vehicle.

17. At the time Plaintiff took delivery of and accepted the vehicle, he was not aware of an odometer discrepancy prior to his purchase of it.

18. Plaintiff would not have purchased the vehicle if he had known the truth regarding the actual mileage on the vehicle's engine and that it was not the original engine installed in the vehicle at the factory.

19. At this time the vehicle is in substantially the same condition as it was when delivered to Plaintiff.

20. The fraudulent acts of Platinum Auto were intentional and have caused damage to the Plaintiff in that he was induced to purchase the vehicle at a price in excess of its fair market value. Also, the vehicle is not and cannot be that which it was represented to be, namely a motor vehicle with 94,680 miles on it, and he has suffered loss of use damages, repair costs, as well as other significant inconveniences.

21. Platinum Auto's misrepresentations, silence, and concealment of the false odometer reading and engine replacement were intentional and material, were intended to mislead, it knew or should have known that these omissions and misrepresentations would be

passed on to and induce the Plaintiff or people like him, upon which they would rely in deciding to purchase the vehicle unless they were advised otherwise, and as such were unconscionable, constituted actual malice or a reckless and conscious disregard of Plaintiff's rights, and therefore constituted actual fraud, or were done negligently and therefore constituted constructive fraud.

22. The actions and statements of Platinum Auto's employees in misrepresenting and concealing this information from Auto Union were within the scope of their actual or apparent authority as an agent, officer, and employee of the defendant.

23. Defendant benefitted from Plaintiff's reliance on its misrepresentations by causing Auto Union to purchase the vehicle at an inflated price, and causing Plaintiff to buy the Accord in reliance on the belief the odometer was accurate since Auto Union represented the odometer reading as accurate, presumably in reliance on the Defendant's misrepresentations and omissions.

24. After discovering the misrepresented odometer and in an attempt to avoid litigation, Plaintiff's counsel contacted the Defendant through representatives of the Virginia Independent Automobile Dealers Association, demanding Plaintiff's damages, but the Defendant refused to respond to the Plaintiff.

25. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered damages, past, present, and future, including but not limited to, repairs to the vehicle, loss of the benefit of the bargain, paying an excessive price for the vehicle, loss of use, inconvenience, embarrassment, and aggravation, together with costs and attorney fees incurred in obtaining relief from Defendant's wrongful acts and omissions.

## COUNT I
## ACTUAL AND CONSTRUCTIVE FRAUD

26.     The Plaintiff incorporates the allegations of the above paragraphs as if alleged herein.

27.     Defendant fraudulently represented the vehicle as having 94,638 actual miles to the best of its knowledge.

28.     Defendant deliberately concealed the fact that the vehicle's odometer reading was incorrect in that it was significantly less than the number of miles on the vehicle from which the Acura engine had come from, and that the engine had been replaced.

29.     Defendant's misrepresentations, silence, and concealment were intentional and material, were intended to mislead, and to induce the plaintiff or people like him to purchase the vehicle, or Defendant should have reasonably known its misrepresentations, silence and concealment were material, would mislead, and would be likely to induce such action by the plaintiff or people like him, as such were unconscionable, constituted actual malice or a reckless and conscious disregard of the Plaintiff's rights, and therefore was actual fraud, or were done negligently and therefore was constructive fraud.

*Request for Punitive Damages for Fraud*

30.     Defendant's actions show willful and malicious conduct in conscious disregard of Plaintiff's rights sufficient to justify an award of punitive damages.

## COUNT II
## BREACH OF THE VIRGINIA CONSUMER PROTECTION ACT

31. Plaintiff incorporates the allegations of the above paragraphs as if alleged herein.

32. The sale of the vehicle by Platinum Auto was a "consumer transaction" as defined in Section 59.1-198 of the Code of Virginia; the vehicle constitutes "goods" as defined in Section 59.1-198 of the Code of Virginia; and under that same code section the Defendant is a "supplier" and the Plaintiff is a "person".

33. In the course of the transactions involving the vehicle, the Defendant engaged in the following unfair and/or deceptive practices in violation of Section 59.1-200A. of the Code of Virginia:

   a. It misrepresented and failed to disclose the material fact that the vehicle had over 132,000 more miles on the engine than what was on the Accord's odometer; in violation of Sections 59.1-200 A.5, 6 and 7.

   b. Its actions violated the prohibition under Va. Code § 59.1-200 A.14. against using any deception, fraud, false pretense, false promise, or misrepresentation by intentionally misrepresenting the vehicle's odometer reading as actual and deliberately concealing the additional mileage that was on the engine.

34. On information and belief, Defendant intended that the Plaintiff rely upon the above-described misrepresentations and omissions.

35. The above-described actions were committed by the Defendant willfully, wantonly and with reckless disregard of the rights of the Plaintiff, and as such violated Sections 59.1-200A. 5., 6., 7., 14., and entitle Plaintiff to seek recovery of three times the actual damages, plus attorney fees, and court costs, pursuant to Section 59.1-204 of the Code of Virginia.

36. In the alternative, the violations of the VCPA by the Defendant were unintentional, entitling Plaintiff to restitution and legal fees. Virginia Code §59.1-207.

## COUNT III
## Violations of the Motor Vehicle Information and Cost Savings Act

37. Plaintiff incorporates the allegations of the above paragraphs as if alleged herein.

38. Pursuant to 49 U.S.C. §32705 and the regulations for enforcement thereof at 49 C.F.R. §§580.1 *et seq*, each purchaser and each seller of the vehicle was required to create an accurate and complete odometer disclosure for the vehicle each time it was sold. Defendant violated the Federal Odometer Act by giving a false statement to a transferee and violating regulations prescribed under this law in violation of 49 U.S.C. §32705(a) and 49 C.F.R. §580.5.

39. Defendant's violations were done with intent to defraud.

40. Dealers like the Defendant, whose ownership is earlier in the chain of title than Auto Union, who violated the Odometer Act, or anyone else who assisted in the Odometer Act violations, may be liable to the Plaintiff even though he had no direct dealings with that Defendant. *Ryan v. Edwards*, 592 F.2d 756 (4th Cir. 1979); *Blount v. Greenbrier Pontiac Oldsmobile-GMC Trucks Kia, Inc.*, 2009 WL 2431587 (E.D. Va. Aug. 7, 2009) *Pelster v. Ray*, 987 F.2d 514 (8th Cir. 1993).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court award judgment for the following damages:

1. Actual damages under the Virginia Consumer Protection Act and fraud claims against the Defendant in the amount of $15,000.00.

2. Award statutory damages of three times Plaintiff's actual damages or $10,000.00, whichever is greater for Defendant's violations of the Odometer Act.

3. Award three times the actual damages or $1,000.00, whichever is greater, for each willful violation of the Virginia Consumer Protection Act pursuant to Va. Code §59.1-204.

4. Award Plaintiff punitive damages against the Defendant in the amount of $150,000.00.

5. Award the Plaintiff's costs, pre-judgment interest, and reasonable attorney's fees in accordance with the federal Odometer Act, the Virginia Consumer Protection Act; and due to the Defendant's fraud; and

6. Award such other relief as the Court deems appropriate against the Defendant.

**TRIAL BY JURY IS DEMANDED**

Respectfully Submitted,

/S/ John Cole Gayle
John Cole Gayle, Jr., Esquire
VSB No. 18833
The Consumer Law Group, P.C.
1508 Willow Lawn Drive, Suite 220
Richmond, Virginia 23230
Telephone: 804 282-7900
Facsimile: 804 673-0316

Dated: April 27, 2023